IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **TRINA GARCIA-BIDOT,**<br><br>       **Plaintiffs,**<br><br>                        v.<br><br>**UNITED STATES OF AMERICA, et al.,**<br><br>       **Defendants.** | **CIVIL NO. 14-1359 (PAD)** |

**MEMORANDUM AND ORDER**

Delgado Hernández, District Judge.

Plaintiffs initiated this action for damages allegedly caused by the United States Marshals Service.[1] The case was dismissed (Docket No. 32). Before the court is plaintiffs' "Motion for Reconsideration" (Docket No. 34), which the government opposed (Docket No. 36). Plaintiffs replied (Docket No. 38) and the government sur-replied (Docket No. 39). After careful evaluation of plaintiffs' motion, it is DENIED.

## I.     BACKGROUND

On May 5, 2014, plaintiffs filed the complaint (Docket No. 2). On September 30, 2014, defendants moved to substitute the United States as the sole defendant in the case (Docket No. 17). That request was granted (Docket No. 18). On January 15, 2015, a Status Conference was held during which the court ordered plaintiffs, *inter alia*, to file an amended complaint not later than February 2, 2015, so as to include the government as the sole defendant. In turn, the government

---

[1] Plaintiffs sought damages under the Federal Tort Claim Act ("FTCA"), 28 U.S.C. § 1346(b); the Civil Rights Act, Title 42 U.S.C. § 1983; the Fourth, Fifth, and Fourteenth Amendments; and Puerto Rico law.

<u>Trina García-Bidot v. United States of America</u>
Civil No. 14-1359 (PAD)
Memorandum and Order
Page 2

had until April 30, 2015 to answer the complaint, at which time the court would issue a Case Management Order with a timetable to govern proceedings (Docket No. 26).

On March 11, 2015, the government filed a "notice" informing that plaintiffs had yet to file the amended complaint (Docket No. 29).  Plaintiffs never responded.  On June 9, 2015, in view of plaintiffs' failure to file the amended complaint, the court ordered them to show cause not later than June 19, 2015, as to why the case should not be dismissed (Docket No. 31).  By June 24, 2015, plaintiffs had not complied with the original Order, filed a motion in response to the Show Cause Order, or sought an extension to comply with either order.  In consequence, the court dismissed the case without prejudice (Docket No. 32).  Judgment was entered accordingly (Docket No. 33).

On July 6, 2015, plaintiffs moved for reconsideration (Docket No. 34).  They claimed their counsel thought there was no need to amend the complaint, and had suffered for the last twenty (20) days from a Respiratory Syncytial Virus that developed into a bronchitis and kept him away from the office.  <u>Id.</u>  The government opposed plaintiffs' motion, complaining that it was untimely and misplaced for lack of justifiable grounds (Docket No. 36).  Plaintiffs replied averring that because (1) the government did not point to any prejudice if their motion were granted, and (2) a dismissal would be counter to the strong policy favoring the disposition of cases on the merits, their motion should be granted (Docket No. 38).

**II.    STANDARD OF REVIEW**

Plaintiffs do not identify the rule they predicate their motion on.  Considering the motion's content, it will be evaluated as one presented under Fed.R.Civ.P. 60(b).[2]  As a general matter, Rule

---

[2] Motions under Fed. R. Civ. P. 59(e) are procedural vehicles used to: (1) correct manifest errors of law and fact; (2)

60(b) seeks to balance the importance of finality against the desirability of resolving disputes on the merits. Farm Credit Bank of Baltimore v. Ferrera-Goitia, 316 F.3d 62, 66 (1st Cir. 2003). It allows the court to relieve a party or its legal representative from a final judgment, order, or proceeding on the following grounds: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. See, Fed.R.Civ.P. 60(b).

To the extent that only subsections (1) and (6) are applicable to this case, and "[sub]section (6) may not be used as means to circumvent those five preceding sections" Ahmed v. Rosenblatt, 118 F.3d 886, 891 n. 9 (1st Cir.1997), plaintiffs' motion will be analyzed under subsection (1) to determine whether their neglect is excusable. Examination of what constitutes excusable neglect calls for an equitable approach, taking into account the totality of facts and circumstances surrounding the party's omission. Dávila-Álvarez v. Escuela de Medicina Universidad Cent. del Caribe, 257 F.3d 58, 64 (1st Cir. 2001). Relief under Rule 60(b) should be granted sparingly. Rivera-Velázquez v. Hartford Steam Boiler Inspection & Ins. Co., 750 F.3d 1, 3-4 (1st Cir. 2014)(citing Karak v. Bursaw Oil Corp., 288 F.3d 15, 19 (1st Cir. 2002)).

---

consider newly discovered evidence; (3) incorporate an intervening change in the law; or, (4) otherwise prevent manifest injustice. See, Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2006)(citing Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810 (2d ed. 1995)). Plaintiffs raise no such arguments in support of their motion for reconsideration. See, Docket No. 34.

### III.   DISCUSSION

Plaintiffs posit their motion should be granted because their counsel understood there was no need to amend the complaint. But the court ordered them to file the amended complaint, and did so in presence of their counsel. That attorney was notified with the corresponding Minutes of Proceedings which included the Order (Docket No. 26).[3] If they had a different view of the need to file an amended complaint, they should have moved for reconsideration. However, no such motion was filed. Thus, their counsel's understanding that there was no need to amend the complaint despite a clear court order is unavailing. See, Stonkus v. City of Brockton School Dept., 322 F.3d 97, 100-101 (1st Cir. 2003)(holding that excusable neglect was not established where counsel claimed that he was confused over the correct filing deadline and was busy with other matters).

Plaintiffs also maintain that their counsel was ill. Notification of illness was first made on July 6, 2015, to the effect that for the preceding twenty (20) days counsel had been unable to attend office matters. That twenty (20) day period takes us as far back as June 16, 2015. Yet by that time the order to show cause had been in place for seven (7) days; the deadline to comply had almost expired; and the deadline to comply with the court's original order had elapsed more than four (4) months earlier. What is more, counsel had not notified the court or opposing counsel of his illness, nor sought an extension to comply with the order.

A party seeking relief must persuade the court not only that his attorney was ill, but also that the illness prevented the party from taking reasonable steps to prosecute the case or to inform

---

[3] CM/ECF receipt indicates that electronic copies of all filings in this case were sent to plaintiffs' counsel at three email addresses: alejandro@bellverlaw.com; bufeteabe@gmail.com; and krystal@bellverlaw.com.

the court of an inability to do so. Rivera-Velázquez, 750 F.3d at 5. Here, nothing about the attorney's illness suggests a complete inability to communicate with the court. In that regard, on June 11, 2015 – after the court had issued the order to show cause, but before the deadline to comply had expired – he filed an eighteen (18) page-long Motion to Dismiss in another case before the undersigned. See, Docket No. 23 in Civil Case No. 14-1749 (PAD).

The single case cited by plaintiffs does not support the remedy they seek. See, Figueroa-Ruiz v. Alegría, 896 F.2d 645, 650 (1st Cir. 1991)(affirming as proper the district court's dismissal of plaintiffs' federal claims under Fed. Civ. R. P. 41(b) for lack of prosecution and disregard of a court order after plaintiffs failed to furnish information required by the court pertaining to their RICO claims); see also, Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19, 28 (1st Cir. 2006)(holding that having exercised no diligence to meet the filing deadlines established by the district court, plaintiffs could not claim excusable neglect under Rule 60(b)(1) on grounds that the delay was outside of their control); Noah v. Bond Cold Storage, 408 F.3d 1043, 1045 (8th Cir. 2005)(holding that the district court did not abuse its discretion in denying plaintiff's motion for relief from final judgment dismissing action for failure to comply with scheduling order, as an attorney's failure to follow clear dictates of court order did not amount to excusable neglect).

Against this backdrop, the policy in favor of deciding cases on their merits and that the government has not made a showing of prejudice if the court were to grant plaintiffs' motion do not tilt the balance in plaintiffs' favor. Within the constellation of relevant factors, the most important is the reason for the particular oversight. Rivera-Velázquez, 750 F. 3d at 4. And even though plaintiffs cannot be said to have acted with bad faith, the justification they have proffered in support of Rule 60(b) relief is insufficient to override "the law's institutional interest in finality."

Trina García-Bidot v. United States of America
Civil No. 14-1359 (PAD)
Memorandum and Order
Page 6

Kara, 288 F.3d at 19. On that basis, their motion must be denied. See, Rivera-Velázquez, 750 F. 3d at 4 (denying Rule 60(b) motion despite lack of serious prejudice to defendant should the case be reinstated and absence of evidence of bad faith on plaintiff's part).

## IV.  CONCLUSION

After carefully evaluating plaintiffs' motion, the court finds that the totality of facts and circumstances leading to the dismissal do not justify relief under Rule 60(b). As such, plaintiffs' Motion for Reconsideration" (Docket No. 34) is DENIED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 23rd day of October, 2015.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge